

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 01:10-cr-370 |
| ) | |
| ANGEL FLORES, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Angel Flores' ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody Pursuant to 28 U.S.C. § 2255.

Petitioner was charged with conspiracy to distribute less than 500 grams of cocaine on August 24, 2010. On August 27, 2010, Andrew M. Stewart, Esq. was appointed to represent Petitioner. As early as August 30, 2010, Mr. Stewart explained to Petitioner that he would have the chance to enter a plea or go to trial. Petitioner reiterated his claims of innocence and was adamant that he wanted to go to trial, even after Mr. Stewart explained that under the government's plea offer with cooperation and 85% for good time he could potentially receive a sentence as low as two years and three months.

On December 15, 2010, Petitioner was convicted, following a jury trial, of conspiracy to distribute less than 500 grams of

cocaine. On June 3, 2011, Petitioner was sentenced to 78 months incarceration.

Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner challenges his conviction based upon his allegation that his attorney was constitutionally ineffective by failing to convey the government's plea offer and by failing to convince the court to apply a minor role adjustment at sentencing. For the reasons stated below, the Court denies Petitioner's challenge.

On a motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, the petitioner bears the burden of proving the grounds for collateral relief by a preponderance of evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). A petitioner may attack his sentence or conviction pursuant to 28 U.S.C. § 2255 on the grounds that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962).

In Strickland v. Washington, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-part test for evaluating

claims of ineffective assistance of counsel. First, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Second, a petitioner must show that "the deficient performance prejudiced the defense," thereby depriving the petitioner of a fair trial. Id.

First, to show deficient performance, a petitioner must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." Id. This standard is "simply reasonableness under prevailing professional norms . . . considering all the circumstances" regarding the representation. Id. at 688. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 689-90; see, e.g., United States v. Terry, 366 F.3d 312, 316-18 (4th Cir. 2004); Matthews v. Evatt, 105 F.3d 907, 919 (4th Cir. 1997). In assessing whether a petitioner has overcome this presumption, the analysis of counsel's performance typically must be comprehensive and not narrowly limited to a review of counsel's failings. Strickland, 466 U.S. at 691. In applying this standard, a court should be reluctant to second guess the tactics of trial lawyers. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1997).

3

To satisfy the second prong of the Strickland test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Smith v. United States, 871 F.Supp. 251, 255 (E.D.Va. 1994) (quoting Strickland, 466 U.S. at 694)). A defendant must affirmatively prove prejudice that is "so serious as to have deprive[d] [him] of a fair trial." Strickland, 466 U.S. at 687.

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. Because "[t]he defendant bears the burden of proving Strickland prejudice," if a defendant fails to meet this burden, "a reviewing court need not consider the performance prong." Field v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Strickland, 466 U.S. at 697)).

Petitioner alleges that his attorney neither explained nor discussed the full terms and significance of the plea bargain offer. Under Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012), "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Here, Mr. Stewart fulfilled that duty by repeatedly conveying the government's plea offer to the petitioner. Mr. Stewart's Affidavit details approximately

4

eleven times that he met with the petitioner or spoke to him on the phone, and approximately four times that Mr. Stewart explained the government's formal plea offer to Petitioner. Accordingly, the petitioner has failed to show that Mr. Stewart's representation with regard to the plea was unreasonable.

Petitioner further alleges that he received ineffective assistance of counsel at sentencing as relates to his role in the offense because Mr. Stewart asked the Court for an adjustment in the offense level but presented no argument or evidence to sustain Petitioner's role in the offense. These allegations are false. In fact, Mr. Stewart argued vigorously for a two point reduction in Petitioner's offense level and, in addition, a four point reduction that would give Petitioner credit for a minimal role. Further, Mr. Stewart contrasted the relatively small amount of time that Flores was involved in the conspiracy to the longer periods of involvement of the co-conspirators. Although the Court rejected Mr. Stewart's argument relating to the petitioner's role, Mr. Stewart's advocacy at sentencing cannot be characterized as "objectively unreasonable." Thus, Petitioner has failed to show that Mr. Stewart was objectively unreasonable in his representation of Petitioner at sentencing.

5

Nor has Petitioner satisfied the second prong of <u>Strickland</u> by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 694. Petitioner has not shown that but for counsel's alleged errors, the result of his trial would have been different. Therefore, Petitioner has failed to satisfy the prejudice prong of the <u>Strickland</u> test.

This Court concludes that defense counsels' performance was reasonable and was not prejudicial. Therefore, Petitioner's claim of ineffective assistance of counsel is without merit.

For the reasons set forth above, Petitioner's motion is DENIED.

/s/<br>
Claude M. Hilton<br>
United States District Judge

Alexandria, Virginia
December 23, 2013